# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

SEYOUM ALI CLARK,

    Plaintiff,

v.                            No. 4:15CV00010-SWW-JJV

CHIOMA HAWKINS, Supervising Parole Officer (DCC); *et al.*

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Plaintiff Seyoum Clark is an inmate incarcerated at the Pulaski County Detention Facility (Jail). He filed this *pro se* action, pursuant to 42 U.S.C. § 1983, claiming Defendants violated his due process rights when arresting and detaining him for a parole/probation violation. (Doc. No. 2 at 4-7.) Plaintiff asks for damages and discharge of his parole and probation. (*Id*. at 8.)

After carefully reviewing the documents submitted by Plaintiff, the Court concludes Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**II.   SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

2

*Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

III. ANALYSIS

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law. *Griffin-El v. MCI Telecommunications Corp.*, 835 F.Supp. 1114, 1118 (E.D. Mo. 1993). The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

Plaintiff's monetary claims against Defendants Hawkins, Vailes, and Felts should be dismissed based on absolute immunity. Plaintiff alleges Hawkins, his parole and probation officer, issued a warrant for his arrest which was defective because it included an incorrect social security

3

number. He also claims that she failed to provide him sanction papers prior to his revocation hearing and coerced him to sign and waive the notice of the hearing by telling him he would be released. He claims Vailes, the parole hearing officer, did not inform him of his rights pertaining to the hearing, and did not conduct the hearing within the standard amount of time. He also claims Felts, a parole board commissioner, improperly affirmed Vailes' decisions. However, Plaintiff's claims are barred because these defendants are "absolutely immune from suits challenging conduct intimately associated with the criminal judicial process." See *Copus v. City of Edgerton,* 151 F.3d 646, 649 (8th Cir. 1998). This immunity applies to hearing officers and parole officers who prepare reports and recommendations. *See Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996) (parole officials deciding to grant, deny or revoke parole perform functions similar to judges and are entitled to absolute immunity; hearing examiners and probation officers evaluating facts, drawing legal conclusions, and making recommendations which play a significant part in the decision making process are entitled to absolute immunity).

The Court also finds Plaintiff's claim for injunctive relief (the discharge of his parole and probation) should be dismissed. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979). Matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. Therefore, state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. *Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987). In addition, any request for a shortening of his sentence or length of confinement should be pursued in a habeas corpus petition. *See Wilson v. Lockhart*, 949 F.2d 1051 (8th Cir. 1991). In *Offet v. Solem*, the court held state remedies must be

exhausted when a federal decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status.  823 F.2d 1256, 1261 (8th Cir. 1987).

Plaintiff's allegation against Defendant Brawley, concerning the manner in which he responded to a grievance, also does not support a claim for relief.  A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. . . it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

And finally, Plaintiff's allegation against Defendant Holiday, that he was not "booked in" to the Jail properly because his fingerprints were not taken, does not support a claim for relief.  Plaintiff does not allege that he was improperly identified, or that a mistake was made concerning his identity.  Rather, his Complaint appears to be based on a failure to follow a Jail policy, which does not state a constitutional claim for relief.   "[T]he mere violation of a state law or rule does not constitute a federal due process violation."  *Williams v. Nix*, 1 F.3d 712, 717 (8th Cir. 1992).

Therefore, the Court finds that Plaintiff's Complaint should be dismissed, for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE,  RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2  This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent

3. The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

DATED this 9th day of January, 2015.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　JOE J. VOLPE
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

danger of serious physical injury.